The next matter on the argument calendar is United States v. De La Fuente. Good morning. Good morning, Your Honor. This is Maria Stratton on behalf of Appellant Jacob De La Fuente. I'm here to discuss the concept of physical violence, crime of violence, and more specifically the concept of physical force. And the question presented really is whether mailing a threatening communication continues through the crime of violence under the Mandatory Victim and Witness Restitution Act. To go back, it really goes back to Section 16 of the Title 18, which defines what a crime of violence is, which is the use, attempted use, or threatened use of physical force. So let me ask you a hypothetical that will help me understand your argument better. Let's assume instead of threat we have the use prong. So if the offense were killing somebody by bashing them over the head with a baseball bat, that would count as physical force. If they were shot with a gun, that would count as physical force. Your theory seems to be that if they're poisoned, that's not physical force. Would that be true under the use prong in your view? It would be, Your Honor. So the offense that involves actually killing someone by the use of an external agent isn't always the use of physical force or a crime of violence. No, I think the bright line really is the use or threatened use or substantial risk of a physical encounter. Okay? That's where I would draw the bright line, and that seems to be where the Ninth Circuit has drawn the bright line in the Becker and the Hansen cases, where they discuss whether a particular crime would be a crime of violence under the Career Offender Act, which uses the term physical force. So if I have a little canister of sarin gas and I'm trying to throw this at you, that isn't a threat of encounter? I would say that would be a physical encounter, and that's where I would draw the line. Because if you think about the difference. Doesn't the gas hit you? Well, because you're there, and you're throwing. No, I'm not throwing. Get rid of the canister. Take the squirt gun of mace. I think that's physical force, Your Honor. The mace. Yes, I do. And what's different about anthrax? Well, what's different, I think, is not necessarily what's different about anthrax, but what's different is how this crime is defined in 876, Mailing Threatening Communications. I don't want to leave yet the crime of violence piece, because if the use of something is the use of physical force, then the threatened use of the same thing would count as threatened use of physical force. And that's why I'm. Well, except, Your Honor, we have to use the categorical approach under Taylor. And under the categorical approach, you go back to the elements of the crime, and you every particular case involving this crime, this particular element of physical force is necessarily proved. Okay? So that's why if we go back to 876, 876 is defined as the threat to injure the person of another. It's not the threat of physical force against a person of another. So how else do you injure them? Well, you can injure them by sending anthrax through the mail. You're not there in a physical encounter with the person. You are not physically encountering, confronting them by way of physical force. So if you set a spring gun and you go off on a vacation to Mexico, does that count as using physical force, even though you're 2,000 miles away? You send a spray gun? No, you set up a spring gun. You set up a trap where the person will open their door and they'll be shot. But you leave the country. You're gone. You're nowhere near. Is that physical force? That's a good question. I thought of all the possible hypotheticals. I haven't thought of a spring gun. I guess because it's not necessarily federal, and I'm thinking federal. I go back, Your Honor, to maybe the difference between bank robbery and embezzlement or larceny. Both of them involve a loss of money. And both of them could involve a big loss of money. But why is it that society thinks that bank robbery is much worse than maybe what Ken Lay is accused of doing with Enron or any of these other corporate raiders? It's because of the possibility, the substantial risk of a physical encounter. I'd a whole lot rather have you slug me than have you send me anthrax. But you get more time. for slugging you than anything else because it involves the possibility or the substantial risk, by the nature of the crime, of a physical encounter. And that's what scares people. That's what causes people to be intimidated, to lose their ability to resist, because there is someone physically there threatening. Actually, in some ways, I think that the psychological impact of the anonymously mailed threat is worse. So I'm not sure you're going to convince me at least by that. Except it doesn't say psychological. And we can't rewrite the statute. The Mailing the Threatening Communications Act is a crime that involves a threat to injury. And it doesn't require the government to prove a threat to use physical force in the course of the injury. And what this Court would have to do is equate the words threat to injure with threat to physical force. Well, that's not the way it was written. It was written that way in other statutes, but not in this statute. But, counsel, there's going to be a, if, in fact, there was actually anthrax in this letter, there would be a physical contact that would cause the injury. But there wouldn't be a physical contact. There wouldn't be, Your Honor. And maybe I'm really splitting hairs here, but that's what we really do as lawyers sometimes. I believe, and I postulate to the Court, that there is something very different and very much more serious when you're talking about a crime of violence. Because it does involve a physical encounter, a person-to-person physical encounter. And I would postulate that sending a threat through the mail doesn't rise to the level that it should be called a crime of violence. It's terrible, and it does have the possibility of seriously injuring someone. But the very nature of the act itself does not rise to the level of a crime of violence that inspires the same sort of fear and societal revulsion. There's no doubt that there is a serious possibility that some kind of injury is involved. It's the difference between verbally and physically. I'm not sure that the statute really has covered anthrax. We have never quite gotten there. And I'm sure that Congress will be capable of broadening the statute. But it seems to me that if, in fact, in addition to the threatening letter enclosed with it, is something that will physically make contact with you, that possibly there's physical contact. And the question is, is it force? And I guess that's what you come to. That is where I come down to, Your Honor. It's really equating the crime of violence as it's defined with physical force. And our argument really is that when you're mailing threatening communications under the way it's defined by the federal statute, that it really can't be equated with physical force. Most likely, if the court went this way, I wouldn't doubt that Congress would probably amend the statute. But really, what I'm concerned about is the necessary blurring that would occur between what are truly crimes of violence and what aren't. And when we blur that distinction, then I think it really negatively impacts the importance of the distinction. And there should be a distinction. Well, let me ask you this. So you're just saying that no matter what the threat is, that because it's done as a threat of injury rather than force, it doesn't count? Yes, Your Honor. Okay. And I guess if you go back to the Becker case, which is a Ninth Circuit case, it talks about burglaries, different kinds of burglaries, and whether it has to be a nighttime burglary to be a crime of violence or a daytime burglary. And the court really says, no, there's no distinction. Because the problem with a burglary is there is a substantial risk of a physical encounter. When you enter that house, whether it's inhabited or not, because you don't know when you enter it, there's a substantial risk that there's going to be a physical encounter between the defendant and the person in that house. And that's what makes it a crime of violence. You're talking about burglary of an uninhabited dwelling where there has to be nobody in that house in order to be, and that has to be the intention of the defendant. That's very different. And in a case of a burglary, the government has to prove the entry. They have to prove the physical force, the entry into the house. And so that's really the distinction that I'm hoping that this Court would draw in analyzing this case. Okay. Well, if we're not quite willing to do that, do you think there's a distinction between sending flour and anthrax? Well, there's a distinction between – I don't think – well, there's not a distinction under the statute because it's a threatening communication. Certainly there would be. Okay, so threatening communication plus something physical that you can feel, touch. Well, let's say there had been anthrax in this letter. He certainly wouldn't have been charged with mailing threatening communication. What would he have been charged with? Attempted murder, I imagine. Something much more serious if there had been anthrax in here, maybe. I don't know. Assault. I don't know, Your Honor, what he would have been charged with, but it would have been, I think, much more serious, or the government would have attempted a much more serious crime than mailing a threatening communication. I mean, a threat – If it wasn't anthrax, the threat would have been murder. Right. I was going to say I'm not sure that makes any difference because if the threat were I have a large gun and I'm going to use this force upon you and kill you, it's threatening force within your definition, even though you may not even have a gun. But it still wouldn't matter because you don't have to prove that as an element of this crime. You have to prove a threat to injure, not a threat of physical force. If he had said in this letter I have a gun, I'm going to be at your doorstep, and I'm going to break into your house and kill you, the government wouldn't have necessarily had to prove a threat of physical force because it's not required under the statute. They only have to prove a threat to injure. So the fact that it's not real anthrax doesn't play into it at all. I don't think it does, Your Honor, under the statute, under what has to be proven as an element of the statute. I'm out of my time. All right. Thank you. We'll hear from Mr. Castro. Good morning. May it please the Court, Rodrigo Castro Silva for the United States in this case. I think the threshold issue, obviously, is whether or not this constituted a crime of violence, and I think that the Court is accurate in its assessment of whether or not the threat to injure the person of another would constitute a crime of violence, would constitute an element that has the threatened use of physical force. First of all, every circuit that has addressed this issue specifically has found that mailing threatening communications is a crime of violence. The Fourth Circuit, the Seventh Circuit, and the Eighth Circuit in the footnote. I'm sorry, the Eighth Circuit, Seventh Circuit, and the Fourth Circuit in the footnote found and held that 876 is a crime of violence. Because the threat to injury is equivalent to the threat to use physical force? That's correct. And if you look at the language itself, to injure implies some sort of physical force. It is different from causing an injury to. If the element had been that the government merely needs to prove that the threat is to cause injury to, that implies a passive way of causing a threat. Here it is a threat to injure, which is an active way of threatening someone. And in fact, this circuit has found in Ceron Sanchez, and it's cited in the government's papers, that even causing an injury to someone constitutes a crime of violence and constitutes threat of physical force. So even in the use of that passive language, this court has found that that is sufficient to constitute a crime of violence, to constitute an offense that has as an element the use of or threatened use of physical force. Here the defendant pled guilty to and was convicted of mailing threatening communications and that those threats were to injure the person of another. And I think that the language in itself would allow the court to find that you don't need someone to be physically present. I think a perfect example. And let me back up. The defendant focuses on the substantial risk that there will be a physical encounter and uses the language of physical encounter. First of all, the statute does not say that physical encounter is necessary. So the defendant is adding something to the statute that is not there by making that argument. And by using the substantial risk, the defendant is not using the first subsection of Section 16, which is so long as the offense has as an element the threatened use of physical force, then that is sufficient to constitute a crime of violence. Under that prong of Section 16, mailing a threatening communication meets the requirement that it is a crime of violence in order for the court to be able to award restitution. The kind of person who sends a threatening letter is probably a physical coward and never would resort to physical violence. So should we include threatening letters in violence? I think in this case you must because the mailing of threatening communications involves, has as an element, the threatened use, the threat to injure someone else. If the elements were different, then the court could find that it does not constitute a crime of violence. But because in this case 876 has as an element the threatened use of, the threat to injure the person of another, then I think you have to find that that constitutes a crime of violence. What was the content of the letter? What did he say? The content of the letter was surprise, anthrax, and I apologize for the language, but it was surprise, anthrax, you're it, die bitch. And that was for both letters. Now because the court has to follow the categorical approach, what the defendant did, what the defendant said, is not as relevant as what the elements of the offense are, and I think that has to be the focus of the court in deciding whether or not this constitutes a crime of violence. Now obviously if the court finds that it is a crime of violence, then the next step is to determine whether or not the losses were directly or proximately caused by the defendant's conduct. Unless the court has any questions with respect to that issue, I will not address it since the defendant did not address it. I think it's been addressed appropriately in the papers. No, I don't think we have any questions on that. Very well, then with that. Do you have any questions for Ms. Bratton? Okay. Thank you very much, and thank you, counsel, both of you, for your argument. The matter just argued will be submitted. Thank you.
judges: B. Fletcher, Rymer, Graber